hPER CURIAM. *
The question raised by this application is whether one or both of the attorneys representing the Louisiana State Board of Dentistry should be disqualified in an administrative disciplinary proceeding currently pending against Randall M. Schaf-fer, D.D.S., an oral surgeon practicing in Jefferson Parish.
*603 FACTS AND PROCEDURAL HISTORY
In September 1997, Dr. Michael O’Brien, an oral surgeon who was then attending law school, wrote a letter to Dr. Schaffer’s malpractice insurer in connection with a lawsuit which had been filed against Dr. Schaffer by a former patient. Dr. O’Brien reviewed the patient’s treatment records and opined that Dr. Schaf-fer’s treatment had in all respects exceeded the standard of care. In the fall of 1998, after Dr. O’Brien was admitted to the practice of law in Louisiana, he became associated with Brian Begue, an attorney who serves as complaint counsel for the Louisiana State Board of Dentistry (“board”). At that time, Dr. Schaffer was the subject of an investigation by the board. In January 1999, the board brought formal charges against Dr. Schaf-fer, alleging various violations of the Louisiana Dental Practice Act, La. R.S. 37:751 et seq. Several of the charges arose out of a complaint made to the board by the patient whose records Dr. O’Brien had reviewed in 1997.
Dr. Schaffer immediately filed a motion before the board to disqualify Dr. O’Brien, Mr. Begue, and the Begue firm. The board chairman denied the motion, and Dr. Schaffer filed a petition in the district court seeking judicial review of the board’s ruling. After a hearing, the district |2court disqualified Dr. O’Brien, on the ground that he is likely to be a material witness in this matter, but refused to disqualify Mr. Begue or his firm.
Dr. Schaffer sought writs from the district court’s judgment. In a 2-1 ruling, the court of appeal denied the application.
Dr. Schaffer now applies to this court.[1]
DISCUSSION
Considering the district court’s ruling disqualifying Dr. O’Brien from serving as counsel to the board in this matter, and under the unique facts of this case, we find it would be prejudicial to permit Mr. Be-gue and the Begue firm to continue to represent the board in these proceedings. At the very least, it is appropriate to disqualify Mr. Begue and his firm in order to remove any appearance of impropriety that would result from permitting the representation to continue.
DECREE
Accordingly, Dr. Schaffer’s application is granted. The district court’s judgment is reversed insofar as it permits Brian Begue and the Begue Law Firm to serve as counsel to the Louisiana State Board of Dentistry in the disciplinary proceeding against Randall M. Schaffer, D.D.S. This case is hereby remanded to the Louisiana State Board of Dentistry for further proceedings.
VICTORY, J., dissents from the order.

 Lemmon, J., not on panel. Rule IV, Part II, § 3.

. The board also filed its own petition in the district court, seeking to resolve various discovery disputes which arose in the course of the administrative proceeding. The district court’s ruling on the discovery issues were generally adverse to the board, and as noted above, the district court also disqualified one of the board’s counsel, Dr. O’Brien. The board sought writs from these rulings, and the court of appeal denied the application. The board applied to this court in 99-CC-2542, and we have this day denied that application.